UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2007 MAY 29  A 10: 29

| | |
|---|---|
| Clarence T. Fox, Jr., #08861-017, | ) C/A No. 2:07-1277-GRA-RSC |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| W.L. Rivera, Warden, | ) |
| Respondent. | ) |

## BACKGROUND OF THIS CASE

The petitioner is a federal inmate at FCI-Estill. He is serving a life sentence for violating sections of the United States Code. Petitioner's conviction and sentence were entered in the United States District Court for the Northern District of Florida. The conviction was upheld on direct appeal by the United States Court of Appeals for the Eleventh Circuit. The petitioner alleges he filed two (2) motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 which were denied. Petitioner has also filed four other actions, not styled as motions to vacate, which were construed as such, and also denied.

In the § 2241 petition the petitioner alleges that a Section 2255 motion is inadequate or ineffective to challenge his conviction and sentence because he is actually innocent. He states "The requirements for a second or successive 2255 motion alleging actual innocence are more rigourous (sic) than the requirements of an actual innocence claim under Section 2241, and to deny Fox who

is actually innocent access to section 2241, would suspend the writ of habeas corpus in violation of Article 1, § 9, Cl.2 of the United States Constitution."

## DISCUSSION

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), cert. denied, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However,

even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

Petitioner's challenge is directed at the legality of his conviction and sentence. Such a challenge by a federal prisoner is properly brought pursuant to 28 U.S.C. § 2255, not 28 U.S.C. § 2241. See Davis v. Crabtree, 10 F. Supp.2d 1136 (D.C. Oregon 1998) citing Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990) (challenge to propriety of sentence must be brought under § 2255, while complaints about the manner of its execution are heard pursuant to § 2241). Congress enacted § 2255 "because pertinent court records and witnesses were located in the sentencing district (and it was) impractical to require these petitions to be filed in the district of confinement". Dumornay v. United States, 25 F.3d 1056, 1994 WL 170752 (10th Cir. (Colo.)). Thus, "the remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy". Dumornay, supra, citing United States v. Addonizio, 442 U.S. 178, 185 (1979). Since relief granted pursuant to § 2255 "is as broad as that of habeas corpus 'it supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention'".

Dumornay, supra, citing Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), cert. denied, 377 U.S. 980 (1964).

If a prisoner's § 2255 motion is denied by a sentencing court, the denial itself is not sufficient to demonstrate that the § 2255 motion was inadequate, or ineffective. Williams, supra. See also In re Avery W. Vial 115 F.3d 1192 (4th Cir. 1997) (remedy afforded by § 2255 is not rendered inadequate or ineffective because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion); Atehortua v. Kindt, 951 F.2d 126 (7th Cir. 1991)(petitioner who has failed to demonstrate that § 2255 motion is inadequate to test the legality of his detention is barred from filing a habeas petition under § 2241).

In the above-captioned case, the petitioner does not set forth any set of facts which could be construed to show that a second or successive § 2255 motion would be inadequate or ineffective. The Fourth Circuit Court of Appeals set forth the test to determine if a §2255 motion would be inadequate or ineffective in In re Jones, 226 F.3d 328, 333-34 (4th Cir.2000). The Court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping

provisions of § 2255 because the new rule is not one of constitutional law." Jones, supra @ 333-334. Petitioner has not set forth any set of facts which could be construed to meet any of the prongs announced in Jones. As a result, this court does not have jurisdiction to entertain the petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

In any event, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the above-captioned case, even if appropriate, should be dismissed because the petitioner has not exhausted his administrative remedies. With respect to his conviction, a remedy under 28 U.S.C. § 2241 could be sought only after the petitioner has exhausted his administrative remedies. See 28 C.F.R. §§ 542.10 through 542.16; See also Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986)(federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court).

As to the petitioner's argument that his inability to file a § 2241 petition is a suspension of the writ, the court in Vial, supra, made clear that the inability to file a second or successive petition was not a suspension of the writ. The Fourth Circuit said:

> Vial's constitutional argument is foreclosed by the recent decision of the Supreme Court in Felker v. Turpin, 518 U.S. 651, ---- - ----, 116 S. Ct. 2333, 2339-40, 135 L.Ed.2d 827 (1996). In Felker, the Supreme Court determined that the provisions of the AEDPA limiting second and successive habeas corpus petitions by persons convicted in state courts

>does not constitute a suspension of the writ. See id. Rather, the Court stated that the limitations imposed by the AEDPA were simply an illustration of the longstanding principle that "the power to award the writ by any of the courts of the United States, must be given by written law.'" Id. at ----, 116 S. Ct. at 2340 (quoting Ex Parte Bollman, 8 U.S. (4 Cranch) 75, 94, 2 L.Ed. 554 (1807)). The limitations on habeas corpus relief from state-court judgements of conviction contained in the AEDPA, the Court reasoned, amounted to an entirely proper exercise of Congress' judgement regarding the proper scope of the writ [FN 11] and fell "well within the compass of [the] evolutionary process" surrounding the doctrine of abuse of the writ. Id. We conclude that the reasoning of the Court with respect to limitations on second or successive habeas petitions pursuant to §2254 applies with equal force to the identical language in §2255. Accordingly, the limitations imposed on a second and successive §2255 motions by the AEDPA do not constitute a suspension of the writ.

Vial @ 1197-98 citing Felker, supra. In footnote 11 the of the Vial decision the Fourth Circuit noted:

>In reaching this conclusion, the Court "assume[d]...that the Suspension Clause of the Constitution refers to the writ as it exists today, rather than as it existed in 1789." Felker, 518 U.S. at ----, 116 S.Ct. At 2340. Although we need not address this issue, we note that the Seventh Circuit has reasoned persuasively that the right to collateral review of state-court judgements of courts possessing jurisdiction is statutory, not constitutional, in nature and thus may be restricted as Congress sees fit. See Lindh v. Murphy, 96 F.3d 856, 867-68 (7th Cir. 1996) (en banc) ("Any suggestion that the Suspension Clause forbids every contraction of the powers bestowed by congress in 1885, and expanded by the 1948 and 1966 amendments to §2254 is untenable. The Suspension Clause is not a ratchet."), cert. granted, 519 U.S. 1074, 117 S.Ct. 726, 136 L.Ed.2d 643 (1997).

Vial @ 1198 FN 11.

Finally, Petitioner's unsupported statement that he is "actually innocent" of the crimes for which he was convicted and sentenced is without merit. Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). Prisoners such as petitioner often assert "actual innocence" rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like the present, *i.e.*, where a direct appeal is unsuccessful (or the time for appeal has expired) and an initial section 2255 motion or section 2254 petition is also unsuccessful, but the petitioner wishes to file a second or successive writ to raise a "new" issue, or where he or she has committed a procedural default precluding one or more available remedies. In such cases, there is some authority for the proposition that if the petitioner cannot establish cause and prejudice for his or her failure to raised the issues previously, he or she can still possibly obtain review of his or her additional constitutional claims by showing that his or her case "falls within a narrow class of cases implicating a fundamental miscarriage of justice. Proving 'actual innocence' is a way to demonstrate that one's case falls within that narrow class." Cornell v. Nix, 119 F.3d 1329, 1333 (8th Cir. 1997). However, in the present case, petitioner's actual innocence claim is facially inadequate to require consideration because petitioner

does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the charge. See Schlup v. Delo, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"); Thompson v. United States, 211 F.3d 1270 (6th Cir. 2000)(Table)(text available on Westlaw) (bare allegations of actual innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241). In sum, nothing in this case presents more than an unsupported allegation of "actual innocence" which requires this court to "decline to address whether [Petitioner's] claim of 'actual innocence' allows [him] to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause." United States v. Lurie, 207 F.3d 1075, 1077 n. 4 (8th Cir. 2000).

Since the petitioner has not established that he has exhausted his administrative remedies, has not shown that the exhaustion requirement would be inadequate, inefficacious, futile, or irreparably injure him, has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his sentence thereby allowing him to file a § 2241 petition, and has

not demonstrated that he is actually innocent of the charges for which he was convicted and sentenced, this matter must be dismissed pursuant to 28 U.S.C. 1915(d).

### RECOMMENDATION

Accordingly, it is recommended that the § 2241 petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondents to file a return. See <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); <u>Baker v. Marshall</u>, 1995 U.S.Dist. LEXIS® 4614, *2-*3 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

(Date) May 24, 2007

**<u>The petitioner's attention is directed to the important notice on the next page.</u>**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).